# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Edward S. Kiel |
| v. | Mag. No. 20-15400 |
| VINCENT CALABRESE | **CRIMINAL COMPLAINT** |

I, James G. Dobis, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_____
Special Agent James G. Dobis
United States Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to me telephonically,
August 18, 2020 in Newark, New Jersey

HONORABLE EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE

_____
Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Possession of a Firearm with an Obliterated Serial Number)

On or about June 3, 2020, in the District of New Jersey and elsewhere, the defendant,

**VINCENT CALABRESE**

knowingly possessed a firearm, that is a Hi-Point Model JCP .40 caliber pistol, that had been shipped and transported in interstate commerce to New Jersey, from which the manufacturer's serial number had been removed, altered, and obliterated.

In violation of Title 18, United States Code, Section 922(k) and 924(a)(1)(B).

## ATTACHMENT B

I, James G. Dobis am a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. Since in or around November 2019, law enforcement has been investigating Vincent CALABRESE (hereinafter, "CALABRESE"), who is believed to be involved in firearms trafficking in New Jersey and elsewhere.

2. Specifically, on or about June 3, 2020, members of the ATF in New Jersey conducted a controlled purchase utilizing a confidential informant (hereinafter, the "CI") of two firearms from CALABRESE. The CI contacted CALABRESE through telephone calls and text messages and arranged to meet for the transaction at a specified location in North Arlington, New Jersey. The controlled purchase took place at a MetroPCS store location in North Arlington, New Jersey (hereinafter, the "MetroPCS store"), where CALABRESE is employed.

3. Prior to the execution of the controlled purchase, law enforcement searched the person and the vehicle of the CI, which was negative for weapons and contraband. Additionally, law enforcement provided an audio and video recorder/transmitter to the CI for the controlled purchase.

4. At approximately 6:51 p.m., the CI conducted a controlled purchase. Specifically, in exchange for approximately $950, the CI purchased from CALABRESE one black Hi-Point Model JCP .40 caliber pistol (hereinafter, the "Firearm"), with an obliterated serial number, which contained one magazine loaded with ten (10) rounds of .40 caliber CBC ammunition.

5. During the course of the transaction, law enforcement heard the following in sum and substance, via the audio and video transmitter that was on the person of CI:

   a. CALABRESE stated to the CI: "I already cleaned the bullets and all that, so no prints on there, and then it comes with the full clip."

   b. In response, the CI stated to CALABRESE: "You erase the number?"

      c. CALABRESE then stated to the CI: "I think that's what they did before I came there . . . yea, yea, yea, I don't know why they did that."

6. On or about August 11, 2020, ATF performed a search of information relating to the Firearm purchased from CALABRESE, which revealed that the Firearm was not manufactured or produced in the state of New Jersey and therefore, traveled through and affected interstate commerce as defined in 18 U.S.C. § 921(a)(2) in order to have been possessed by CALABRESE in the state of New Jersey. ATF also determined that the Firearm is a "firearm" as defined in 18 U.S.C. § 921(a)(3).